ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

MAR 05 2013

JAMES N. HATTEN, Clerk
By: PMW
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:13-CR-063 |
| DONG SEOK YI, CHANG SEON SONG, and SANG HOUN KIM a/k/a Chris Park | UNDER SEAL |

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Conspiracy)

1.  Beginning on a date unknown, but from in or about June 2009, and continuing through the present, in the Northern District of Georgia and elsewhere, the defendants, DONG SEOK YI, CHANG SEON SONG, and SANG HOUN KIM a/k/a Chris Park, did combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses, namely:

    a.  To encourage and induce aliens to come to, enter, and reside in the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that the aliens' coming to, entry, and residence in the United States was and would be in violation of the law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i);

b.  To knowingly forge, counterfeit, alter, and falsely make any document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made in violation of Title 18, United States Code, Section 1546(a).

c.  To knowingly make under oath, and knowingly subscribe as true as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1546(a).

BACKGROUND

At all times relevant to this Indictment:

2.  Certain foreign-born individuals, or aliens, must obtain a visa to enter the United States.  A Form I-94 is a document issued by the United States Department of Homeland Security (DHS) and accompanies a visa for foreign-born individuals.  The Form I-94 documents the entry and exit of nonimmigrant aliens into and out of the country as well as the date through which they are allowed to remain lawfully in the United States.  The Form I-94 contains the classification of the nonimmigrant visa, such as tourist or visitor for business, B-1, or pleasure, B-2, or student, F-1 or M.

3. Generally, a nonimmigrant alien who is in the United States with a tourist or student visa is not allowed to work without authorization from DHS.

4. The "Student and Exchange Visitor Program" (SEVP) is the DHS program that monitors nonimmigrant students and exchange visitors to the United States, by administering the "Student and Exchange Visitor Information System" (SEVIS), an Internet database system that ensures that government agencies have accurate and current data related to the students and exchange visitors and their dependents, which data is considered essential to preserve national security.

5. To obtain a visa classification as a nonimmigrant student in the United States, a SEVIS Form I-20 must be presented by the nonimmigrant alien to the United States Department of State. A nonimmigrant alien who is accepted for admission to the United States based on the I-20 receives an F-1 or M visa classification. An F-1 visa is reserved for nonimmigrants who are pursuing academic studies and/or language training programs. An M visa is reserved for nonimmigrants who are pursuing non-academic or vocational studies.

6. SEVIS Form I-20s for nonimmigrants in the United States who are seeking a change to student status are required to be signed under penalty of perjury by a designated school official (DSO) of the school that the student will be attending, signed

under penalty of perjury by the student, and then submitted to U.S. Citizen and Immigration Services.

7. Foreign students seeking to study in the United States can be eligible for an F-1 or M visa classification if they meet the following criteria:

a. The student must be enrolled in an "academic" educational program, a language-training program, or a vocational program;

b. The educational institution must be approved by the SEVP;

c. All students, as well as their spouses and dependents, must be registered in SEVIS. The school the student attends is responsible for entering the student's information for the I-20 student visa form into SEVIS;

d. The student must be enrolled as a full-time student at the institution;

e. The student must be proficient in English or be enrolled in courses leading to English proficiency;

f. The student must have sufficient funds available for self-support during the entire proposed course of study; and

g. The student must maintain a residence abroad which he/she has no intention of giving up.

8. College Prep Academy, Inc. (CPA) is a Georgia corporation managed and operated by defendant YI. CPA is located in the

Northern District of Georgia.

9. Defendant YI is the President and Chief Executive Officer of CPA. Defendant SONG is the Academic Director for CPA. Defendant KIM is an alien who has been ordered removed from the United States but continues to remain in the country. He works with defendants YI and SONG to provide fraudulent immigration documents for individuals who enroll in CPA as students.

10. CPA initially obtained status as a SEVP-approved school on or about April 1, 2008. On or about June 30, 2009, CPA submitted an updated I-17 "Petition for Approval of School for Attendance by Nonimmigrant Student" to DHS/SEVP to be an approved school in which nonimmigrant F-1 students could be enrolled. CPA is currently a SEVP-approved school.

## MANNER AND MEANS

11. Defendant YI and others known and unknown to the Grand Jury obtained SEVP-approved status for CPA by submitting an application to DHS/SEVP.

12. After obtaining the approval, under the auspices of operating CPA as an English language training school, defendants YI and SONG, and others known and unknown to the Grand Jury, facilitated the issuance of F-1 student visas to foreign-born individuals who were not entitled to them.

13. Defendants YI and SONG, and others known and unknown to the Grand Jury who were acting at their direction, provided aliens

who did not meet the eligibility requirements for F-1 nonimmigrant student status with SEVIS Form I-20s signed by an official of CPA.

14. Defendants YI, SONG, and KIM, and others known and unknown to the Grand Jury, manufactured and provided false and fraudulent documents, including Form I-20s, Form I-94s, bank statements, employment verification letters, and school transcripts, to the aliens to be used in support of applications for F-1 nonimmigrant student status.

15. Defendants YI, SONG, and KIM knew that many of the aliens who obtained F-1 status with SEVIS I-20 forms from CPA and fraudulent supporting documents never attended CPA, but instead began living and working in this country.

16. Defendants YI, SONG, and KIM charged the aliens thousands of dollars for the services and documents they provided for the purpose of obtaining F-1 status.

OVERT ACTS

17. In furtherance of the conspiracy, and in order to effect the purposes and objects thereof, the defendants and others known and unknown to the Grand Jury committed overt acts in the Northern District of Georgia and elsewhere, including but not limited to the following:

    a. On or about December 9, 2010, defendant YI met with an undercover agent of the Federal Bureau of Investigation (FBI) and discussed using student visas to bring aliens to the United

States from South Korea.

      b.    On or about April 5, 2011, defendant YI met with a confidential informant (C.I. #1). During the meeting, defendant YI instructed a CPA employee to prepare two Form I-20s for C.I. #1's workers to reside as students in the United States. The Form I-20s, which were provided, contained false information not provided by C.I. #1.

      c.    On or about March 1, 2011, defendant SONG met with a confidential informant (C.I. #2) and discussed obtaining a student visa from CPA and other fraudulent immigration documents from defendant KIM.

      d.    On or about July 14, 2011, defendant SONG provided contact information for defendant KIM to the FBI undercover agent.

      e.    On or about October 6, 2011, defendant KIM provided a fraudulent Form I-94 to the FBI undercover agent.

      f.    On or about October 22, 2011, defendant KIM and the FBI undercover agent spoke by telephone and discussed filing a Form I-102 to obtain a replacement I-94.

      g.    On or about December 20, 2011, defendant KIM and the FBI undercover agent spoke by telephone and discussed payment of defendant KIM's fee.

      h.    On or about February 22, 2011, defendant KIM and the FBI undercover agent spoke by telephone and discussed registering an alien in a Los Angeles school and then transferring the alien to

CPA. Defendant KIM indicated that he would create a school transcript, family registry, and bank statement to support the alien's immigration application.

    i. On or about October 12, 2012, defendant SONG and C.I. #1 met and discussed transferring an alien from the rolls of the Los Angeles school to CPA. Defendant KIM had obtained fraudulent immigration documents for the alien to facilitate enrollment in CPA. On or about October 29, 2012, defendant SONG forged the name of the alien on the school transfer form.

    j. On or about September 27, 2012, defendant SONG gave C.I. #1 five Form I-20s, so that five of C.I. #1's workers could reside in the United States as students. The Form I-20s contained false information not provided by C.I. #1.

    k. On or about October 29, 2012, defendant KIM mailed three fraudulent bank statements to the undercover FBI agent to support Form I-20s for aliens who were enrolled in CPA.

    l. On or about October 30, 2012, defendants YI and SONG met with the undercover FBI agent and discussed enrolling additional aliens as students at CPA. These aliens would not attend classes at CPA but instead would work and reside in the United States.

    m. On or about November 26, 2012, defendant KIM mailed two fraudulent bank statements to the undercover FBI agent to support Form I-20s for aliens to enroll in CPA.

n. The Grand Jury incorporates by reference as additional overt acts the acts charged in Counts Two through Nine of this Indictment.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO AND THREE
(Immigration Document Fraud)

18. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 16 of Count One of this Indictment as if fully set forth herein.

19. On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, the defendants, DONG SEOK YI and CHANG SEON SONG, aiding and abetting each other and others known and unknown to the Grand Jury, knowingly made under oath, and knowingly subscribed as true under penalty of perjury, false statements with respect to material facts in a document required by immigration laws and regulations, that is, in a Form I-20, Certificate of Eligibility for Nonimmigrant (F-1) Student Status - For Academic and Language Students, defendants YI and SONG, aiding and abetting each other and others known and unknown to the Grand Jury, falsely represented that the aliens identified in Column C were eligible for nonimmigrant (F-1) student status, were pursuing and would be pursuing language training at CPA, and had information showing the alien's means of support, which representations and statements they then knew to be false:

| A | B | C |
|---|---|---|
| COUNT | DATE | ALIEN |
| 2 | 4/5/11 | Y.L. |
| 3 | 4/6/11 | H.P. |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FOUR THROUGH NINE
(Immigration Document Fraud)

20. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 16 of Count One of this Indictment as if fully set forth herein.

21. On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, the defendants, DONG SEOK YI, CHANG SEON SONG, and SANG HOUN KIM a/k/a Chris Park, aiding and abetting each other and others known and unknown to the Grand Jury, knowingly made under oath, and knowingly subscribed as true under penalty of perjury, false statements with respect to material facts in a document required by immigration laws and regulations, that is, in a Form I-20, Certificate of Eligibility for Nonimmigrant (F-1) Student Status - For Academic and Language Students, defendants YI and SONG, aiding and abetting each other and others known and unknown to the Grand Jury, falsely represented that the aliens identified in Column C were eligible for nonimmigrant (F-1) student status, were pursuing and would be

pursuing language training at CPA, and had information showing the alien's means of support, which representations and statements they then knew to be false:

| A | B | C |
|---|---|---|
| COUNT | DATE | ALIEN |
| 4 | 9/27/12 | S.L. |
| 5 | 9/27/12 | J.L. |
| 6 | 9/27/12 | S.Y. |
| 7 | 9/27/12 | M.O. |
| 8 | 9/27/12 | J.S. |
| 9 | 11/12/12 | S.H. |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## FORFEITURE PROVISION

22. Upon conviction for one or more of the offenses alleged in Counts One through Nine of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), any conveyance used in the commission of the offenses; any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the offenses; and any property used to facilitate, or intended to be used to facilitate, the offenses.

23. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A \_\_\_\_TRUE\_\_\_\_ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

STEPHEN H. McCLAIN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 143186

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 187251

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000

12