# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | INDICTMENT NO. |
| v. ) | 1:13-cr-00063-ODE-GGB-1 |
| ) | |
| DONG SEOK YI, ) | |
|     Defendant. ) | |

## SENTENCING MEMORANDUM

COMES NOW, Defendant Dong Seok Yi, by and through his undersigned counsel and files this Sentencing Memorandum. In support of this Motion, Defendant shows as follows.

**I.  BACKGROUND**

As the Presentence Report ("PSR") clearly sets forth, Defendant pled guilty to one count of the Superceding Indictment charging him with fraud involving immigration documents in violation of 18 U.S.C. § 1546. The PSR outlined the offense conduct and personal background of Defendant and established the total offense level at 18. Defendant lodged one guideline-related objection as to the four (4) level increase for the specific offense characteristic contained in U.S.S.G. §

1

3B1.1(a) for role in the offense.[1]  Both Defendant and the Government urge the Court to impose a 21 month sentence, which is articulated in the Plea Agreement and the Guilty Plea which was entered under Federal Rule of Criminal Procedure 11(c)(1)(C).  Should the objection to the four (4) level enhancement for role in the offense be sustained by the Court, Defendant's revised guideline calculation will result in a total offense level of 15 with a guideline range of 18-24 months.  This Guidelines range encompasses the sentence agreed upon by the parties, 21 months.

II.   **THE CRITERIA OF 18 U.S.C. § 3553(a)**

Since the United States Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), a District Court is no longer required to sentence a defendant within the range provided by the Sentencing Guidelines, but is still obligated to correctly calculate that range.  Post- Booker sentencing requires two steps.  First, the District Court must consult the Guidelines and correctly calculate the range provided by the Guidelines. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  Second, the District Court must consider several factors to determine a reasonable sentence: (1) the nature and

---

[1] Defendant is not addressing the objection for the role in the offense enhancement herein, but will be prepared to do so at the Sentencing hearing.

circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

There is no better way to delve into the history and characteristics of the Defendant, than to hear from those people in the community who have known or encountered the Defendant during various intervals of his life. While the Presentence Report provides the factual details of Defendant Yi's criminal conduct and the biographical outline of his life, the letters attached as Exhibits A-T illustrate the character of a man known and valued by those in the community in which he lives and works. The quality and depth of Defendant Yi's character belies the criminal conviction which now taints his name. Defendant submits the attached character letters, Exhibits A-T, for the Court's consideration. In the interest of judicial economy, the individuals who have submitted letters will not testify at the Sentencing

Hearing.

### III. <u>CONCLUSION</u>

There is no compelling need, based on the facts of the case to sentence Defendant to a prolonged period of incarceration in order to satisfy consideration of the <u>Booker</u> factors. Looking at Defendant's past, and the devastating impact that his conduct has had on his career and personal life, there are ample grounds on which to predict that personal rehabilitation is underway. (See Exhibits A-T). Defendant has demonstrated a profound appreciation of the severity of his conduct. Thus, the agreed upon sentence of 21 months is both reasonable and appropriate.

**WHEREFORE**, for all the foregoing reasons, Defendant respectfully requests that Exhibits A-T, Character Reference letters on Defendant's behalf, be considered by this Court, and that the Court sentence Defendant to 21 months.

                                                    Respectfully submitted,

                                                    <u>/s/ Brian Steel</u>
                                                    BRIAN STEEL
                                                    GA Bar No. 677640
                                                    1800 Peachtree Street, N.W., Suite 300
                                                    Atlanta, GA  30309
                                                    Telephone: (404) 605-0023
                                                    Facsimile:  (404) 352-5636
                                                    E-mail: thesteellawfirm@msn.com

/s/ Ray Lail
RAY LAIL
GA Bar No. 431103
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA  30309

Counsel for Defendant Yi

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served a copy of the within and foregoing **SENTENCING MEMORANDUM** upon opposing counsel by electronically filing same with the Court's Electronic Case Filing (ECF) system, causing a copy of this document to be served on all appropriate parties :

Stephen H. McClain
Office of United States Attorney
Northern District of Georgia
75 Spring Street, S.W.
600 United States Courthouse
Atlanta, GA 30303

This 5th day of May, 2014.

Respectfully submitted,


*/s/ Brian Steel*_____
BRIAN STEEL
GA Bar No. 677640
E-mail: thesteellawfirm@msn.com
Counsel for Defendant Yi