IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONG SEOK YI,<br>Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: | CRIMINAL ACTION NO.<br>1:13-CR-63-ODE-GGB-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:14-CV-2648-ODE-GGB |

# ORDER

In February 2014, Movant pled guilty to one count of immigration document fraud pursuant to a negotiated plea agreement. (Doc. 118-1.) In May 2014, the Court sentenced Movant to twenty-one months' imprisonment and three years' supervised release, which was the sentence Movant agreed to in the plea agreement. (Doc. 134.)

Movant also agreed to waive his right to challenge his judgment of conviction via appeal or 28 U.S.C. § 2255. (Doc. 118-1 at 8-9.) But in August 2014, Movant filed a motion challenging the judgment under § 2255. (Doc. 149.) Movant amended his § 2255 motion one month later. (Doc. 155.) Movant claims that he is actually innocent of the crime to which he pled guilty, that his lawyers were ineffective for allowing him to plead guilty despite his innocence, and that Respondent engaged in prosecutorial misconduct by seizing his bank account. (Docs. 149, 155.)

In March 2015, Magistrate Judge Brill issued a Report and Recommendation ("R&R") that Movant's § 2255 motion be denied. (Doc. 169.) Judge Brill found that the prosecutorial misconduct claim was barred by the appeal waiver in Movant's plea agreement and lacks merit. (*Id.* at 10-11.) As for Movant's challenge to his plea, Judge Brill found that the record, particularly the transcript of the plea hearing, established a factual basis for Movant's guilt of the one count of immigration document fraud to which he pled guilty. (*Id.* at 12-15.)

Judge Brill noted that Movant revised his actual innocence claim after Respondent filed its brief opposing the § 2255 motion. (*Id.*) Movant initially said only that he was innocent because he did not personally sign the immigration form. (*Id.* at 14.) But after Respondent pointed out that Movant was charged as an aider and abettor and admitted when he pled guilty to directing another person – co-defendant An Kil – to sign the fraudulent form, Movant changed his story to be that he did not direct An Kil to sign the form. (*Id.* ("Only in his reply brief, after realizing that his claim had no merit, did Movant change his version of the facts and say that he did none of the things he swore that he did when he pled guilty.").)

Judge Brill further noted that "Movant's current claim of innocence is not supported by any evidence other than his current assertions." (*Id.* at 14.) In response,

2

Movant filed a motion for additional time to submit evidence and file objections to the R&R. (Doc. 171.) Movant filed objections and submitted his "evidence." (Doc. 172.) Movant submitted what he contends are transcripts of recorded conversations between him, his co-defendants, and undercover federal law enforcement agents in support of his claim of innocence. (Docs. 172-1, 172-2, 172-3, 172-4.)

A defendant's statements during a guilty plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any collateral challenge to the plea. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Solemn declarations made under oath in open court carry a strong presumption of verity. *Id.* at 73–74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Blackledge*, 431 U.S. at 73–74. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) (citing *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

Movant's plea hearing was careful and detailed. Movant pled guilty to one clear, simple charge: that he aided and abetted An Kil's fraudulent preparation and execution of two I-20 immigration forms on April 5, 2011. (Doc. 10 at 7, 10 (indictment).) At the plea hearing, after advising Movant of his rights, the Court had the following exchange with Movant:

> THE COURT: I'm going to need to ask you a few questions to determine if there is a factual basis for a guilty plea in this case. I cannot accept a guilty plea unless there is a factual basis for it, so I am going to need to ask you some questions to determine that. And you do need to understand that your responses are being given under oath, so if you were to make a false answer to any question you could be prosecuted for perjury. Do you understand what I've just said?
>
> [MOVANT]: I understand.

(Doc. 157 at 13.) The prosecutor then described An Kil's preparation and execution of the fraudulent immigration forms on April 5, 2011 and Movant's role in that crime. (*Id.* at 14-17.) And as discussed in the R&R, Movant agreed with the facts as described by the prosecutor and confirmed his guilt when questioned by the Court about the specifics of the crime. (*Id.* at 17-18; Doc. 169 at 3-5.)

One year after admitting under oath the facts of his crime, Movant now says he has made "honest, unrelenting declarations" of innocence. (Doc. 172 at 11.) Yet Movant incredulously contends that he relented in such protestations of innocence at

the most important times – for the entirety of the plea hearing and when he negotiated and signed his plea agreement.[1] And he contends that he did so despite telling the Court at the plea hearing that he understood the penalty of perjury and that he had to testify truthfully about the facts of the crime.

Movant blames his allegedly false testimony at the plea hearing on a language barrier: "Because of Movant's inability to fully understand[] the English language, Movant misunderstood several critical things that were said to him during the plea colloquy." (Doc. 172 at 16.) The record refutes Movant's eleventh-hour claim. An interpreter was present at the plea hearing, and the following exchange occurred immediately after Movant was placed under oath:

> THE COURT: Do you want for the interpreter to translate everything or would you like to just talk with me and, if you need to, consult with the interpreter?
> [MOVANT]: I talk with Your Honor and then if I don't understand a word, talk to him.
> THE COURT: Okay. If at any point you don't understand just raise your hand or speak up and we will get the interpreter to help out.
> [MOVANT]: Yes, Your Honor.

---

[1] Movant also affirmed his guilt at his sentencing hearing, when he told the Court: "I deeply feel sorry about this case, and I need to know that my position, what I have to do, that I recognize what I did, so that's my mistake, so I fully regret it. I feel sorry about it." (Doc. 173 at 4.)

5

(Doc. 157 at 8.) Movant never indicated, at any point during the plea hearing, that he did not understand what anyone said or that he needed the interpreter. (*See generally id.*) In fact, the Court repeatedly asked Movant during the hearing if he understood things, and Movant always replied that he did. (*See id.* at 8-10, 12-13.) Movant's claim that he admitted guilt because of a language barrier is frivolous.

Never without a backup (or, as it appears here, made up) argument, Movant further claims that he admitted guilt at the plea hearing only because his lawyers coerced him to do so by telling him that he would be sentenced to ten years in prison if he was convicted at a trial. (Doc. 172 at 11, 17.) That claim is not credible and is refuted by the record.

Movant alleged at the outset of the § 2255 proceedings that his lawyers were ineffective and primarily concerned with getting their fee. (Docs. 149, 155.) But he never alleged that his lawyers coerced him to plead guilty – not in his original § 2255 motion, his amended motion, or any other filing – until after the R&R issued in March 2015.[2] (*See* Docs. 149, 155, 162.) Movant has pulled out all the stops, however, in

---

[2] Even in a detailed letter he sent the undersigned in February 2015 seeking to submit evidence, Movant did not allege any such coercion or wrongdoing by his lawyers. (Doc. 171 at 6-9.)

the face of an R&R recommending dismissal of his last-ditch effort to retract his decision to plead guilty.

Movant faced a maximum sentence of ten years in prison for the one count of immigration document fraud to which he pled guilty, and he was informed of that possibility before he pled guilty. *See* 18 U.S.C. § 1546(a). The plea agreement identified that maximum sentence and stated that the Court could impose it if the Court did not accept the plea agreement. (Doc. 118-1 at 2-3.)

At the plea hearing, Movant told the Court that no one had threatened or coerced him to plead guilty and that he was pleading guilty freely and voluntarily. (Doc. 157 at 21-22.) Just above his signature on the plea agreement, Movant similarly acknowledged that "[n]o one has threatened or forced me to plead guilty." (Doc. 118-1 at 11.) Movant also told the Court at the hearing that he had an adequate opportunity to discuss the case with his lawyers and that he was satisfied with their services. (Doc. 157 at 13.) After those discussions, and just before accepting the plea, the Court asked Movant one last time if he had any questions. (*Id.* at 22.) Movant said he had none. (*Id.*) Movant's sworn statements at the plea hearing carry great weight, as discussed above, and refute the claim he asserted only after the R&R issued

that his lawyers "coerced him to plead guilty by terroristic threats" and "persistent cajoling." (Doc. 172 at 10, 11.)

As noted above, the "evidence" Movant recently submitted in support of his claim that he did not do what he swore at the plea hearing that he did purports to be portions of law enforcement transcripts of undercover meetings. (Docs. 172-1, 172-2, 172-3, 172-4.) Those documents are not authenticated and contain editorial comments – both handwritten and typewritten – inserted by Movant or someone on his behalf. (*See, e.g.,* Doc. 172-3 at 7-8, 11.) There is no clear indication of which typewritten statements are part of the original transcription and which were added later. In short, the documents are not competent evidence. But even if they were, they do not demonstrate Movant's innocence of the crime to which he pled guilty and do not overcome his sworn admission at the plea hearing to the facts establishing the crime.

Movant's belated submission of this purported evidence further demonstrates that his claim of innocence is wholly incredible. In the seven months that passed after Movant filed his § 2255 motion and before the R&R issued, Movant did not file any of the purported evidence. When he amended his § 2255 motion in September 2014 and filed his reply brief in November 2014, he did not even mention any such evidence. (Docs. 155, 162.) Movant says he delayed in submitting the purported

evidence because he "neither is technically fluent in the understanding and use of the English language nor of the American System of Jurisprudence" and is being assisted by other prison inmates. (Doc. 171 at 2-3.) Yet Movant timely submitted all earlier filings in well-written English and, as discussed above, demonstrated his ability to use and understand English at the hearings in this case.

Movant's last ditch effort to avoid responsibility for the crime to which he pled guilty evidences post-incarceration regrets and desperation. It does not evidence a constitutional violation warranting relief under § 2255.

Accordingly, the Court **OVERRULES** Movant's objections [172] and **ADOPTS** the R&R [169] as the opinion of the Court. Movant's § 2255 motion [149] and a certificate of appealability are **DENIED**. Movant's motion for extension of time [171] is **GRANTED NUNC PRO TUNC**.

**SO ORDERED** this 5 day of May, 2015.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE